IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MADHAVAN PISHARODI § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. B-04-119 |
| § | |
| VALLEY BAPTIST MEDICAL CENTER, § | |
| BEN M. McKIBBENS, M.D.; JAMES G. § | |
| SPRINGFIELD; ERIC SIX, M.D.; § | |
| ALEJANDRO BETANCOURT, M.D.; § | |
| AND CHRISTOPHER HANSEN, M.D., § | |
| Defendants. | |

**DEFENDANTS', CHRISTOPHER HANSEN, M.D., AND ERIC SIX, M.D.,
AFFIRMATIVE AND OTHER DEFENSES
AND ANSWER TO PLAINTIFF'S COMPLAINT**

Now Comes Defendants' Christopher Hansen, M.D. and Eric Six, M.D. and file their Affirmative and Other Defenses and Answer to plaintiff's complaint in this matter as follows:

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted against these Defendants.

2. Plaintiff's complaints are barred in whole or in part by the applicable statutes of limitation.

3. Plaintiff's Title VII claim is barred insofar as it asserts matters (i) occurring more than 300 days prior to the filing of his underlying charge of discrimination and (ii) outside the scope of his underlying charge of discrimination.

4. Plaintiff's Title VII claim is precluded in that there is no employer-employee relationship between Plaintiff and any of the Defendants.

5. Plaintiff has failed to mitigate his damages, if any, as required by law.

30758481.1

6.  An award of exemplary damages under the facts and circumstances of this case would violate the Fourteenth Amendment to the United States Constitution and article I, sections 13 and 19 of the Constitution of the State of Texas.

## ANSWER

Subject to the foregoing affirmative and other defenses, Defendants, Christopher Hansen, M.D. and Eric Six, M.D. file their answer as follows.

1.  On information and belief these defendants admit the allegations of paragraph 1.

2.  These defendants admit the allegations of paragraph 2.

3.  These defendants deny the allegations of paragraph 3.

4.  These defendants admit the allegations of paragraph 4.

5.  These defendants deny the allegations of paragraph 5.

6.  These defendants deny the allegations of paragraph 6.

7.  ?These defendants admit the allegations of paragraph 7.

8.  These defendants admit the allegations of paragraph 8, except as to 42 U.S.C. § 9918 but deny there is any factual basis for plaintiff's claims.

9.  These defendants admit the allegations of paragraph 9.

10. These defendants admit the allegations of paragraph 10 except they deny any unlawful conduct occurred.

11. These defendants admit the allegations of paragraph 11 as to the filing of a charge but deny that all events complained about occurred within 300 days of such charge; these defendants admit suit filed within 90 days of EEOC's right to sue letter.

12. As to the allegations of paragraph 12, these defendants admit on information and belief that plaintiff is board certified and practices in Brownsville, Harlingen, and Mission, Texas

as alleged. These defendants lack sufficient information to admit the truth of the remaining self-aggrandizing allegations and, therefore, deny same and deny the remaining allegations

13. These defendants deny the allegations of paragraph 13.

14. As to the allegations of paragraph 14, these defendants have insufficient information to admit or deny what plaintiff believes and denies the remaining allegations.

15. These defendants deny the allegations of paragraph 15.

16. These defendants deny the allegations of paragraph 16 except they admit the allegations of sentence two has been done at times and admit Dr. Six exercised his right not to agree to provide backup coverage.

17. These defendants deny the allegations of paragraph 17.

18. These defendants deny the allegations of paragraph 18.

19. These defendants deny the allegations of paragraph 19.

20. These defendants deny the allegations of paragraph 20.

21. These defendants deny the allegations of paragraph 21.

22. These defendants deny the allegations of paragraph 22.

23. These defendants deny the allegations of paragraph 23 as pled.

24. These defendants deny the allegations of paragraph 24 as pled.

25. These defendants deny the allegations of paragraph 25.

26. These defendants deny the allegations of paragraph 26.

27. These defendants deny the allegations of paragraph 27.

28. These defendants deny the allegations of paragraph 28.

29. These defendants deny the allegations of paragraph 29.

30. These defendants deny the allegations of paragraph 30.

31. These defendants deny the allegations of paragraph 31.

32. These defendants deny the allegations of paragraph 32.

33. These defendants deny the allegations of paragraph 33.

34. These defendants deny the allegations of paragraph 34 except they admit the Chief of Staff at Defendant hospital issued a letter of reprimand to Plaintiff for inappropriate usage of his nurse practitioner.

35. These defendants deny the allegations of paragraph 35.

36. These defendants deny the allegations of paragraph 36.

37. These defendants deny the allegations of paragraph 37.

38. These defendants deny the allegations of paragraph 38.

39. These defendants deny the allegations of paragraph 39.

40. These defendants deny the allegations of paragraph 40.

41. These defendants admit Plaintiff sent a letter on or about January 9, 2003 to defendants but deny the remaining allegations of paragraph 41.

42. These defendants deny the allegations of paragraph 42.

43. These defendants deny the allegations of paragraph 43.

44. These defendants deny the allegations of paragraph 44.

45. These defendants deny the allegations of paragraph 45.

46. These defendants deny the allegations of paragraph 46.

47. These defendants deny the allegations of both paragraphs numbered 47.

48. These defendants admit the asserted definition of Plaintiff in paragraph 48 but deny any unlawful conduct occurred or that Defendant hospital has respondeat superior liability in all matters.

49.  These defendants deny the allegations of paragraph 49.

50.  These defendants deny the allegations of paragraph 50.

51.  These defendants admit Plaintiff seeks relief set forth in paragraph 51 but deny Plaintiff is entitled to any such relief.

52.  These defendants deny the allegations of paragraph 52.

Signed this the 29th day of July, 2004.

Respectfully submitted,

David G. Oliveira
State Bar No. 15254675
Federal I.D. No. 13862
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

and

A.J. Harper II
State Bar No. 09031000
Federal I.D. No. 5158
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Attorneys-in-Charge for Defendants Valley Baptist Medical Center, and James G. Springfield, Christopher Hansen, M.D. and Eric Six, M.D.

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.
And
ROERIG, OLIVEIRA & FISHER, L.L.P.

30758481.1

5

## CERTIFICATE OF SERVICE

    This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 29th day of July, 2004, via United States mail certified, return receipt requested, to the following listed below:

Mr. Ed Stapleton
306 North Highway 377
Argyle, Texas 76226

Mr. Ben M. McKibbens
5556 Moog Lane
Point Clear, Alabama 36564

Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

A. J. Harper II

30758481.1

6