**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **MADHAVAN PISHARODI,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **VALLEY BAPTIST MEDICAL** | § |
| **CENTER; BEN M. MCKIBBENS, M.D.;** | §    Civil Action No.  B-04-119 |
| **JAMES G. SPRINGFIELD; ERIC SIX,** | § |
| **M.D.; ALEJANDRO BETANCOURT,** | § |
| **M.D.; AND CHRISTOPHER HANSEN,** | § |
| **M.D.,** | § |
| | § |
| **Defendant.** | § |
| | § |

**<u>DEFENDANTS', VALLEY BAPTIST MEDICAL CENTER, BEN M. MCKIBBENS,
M.D., JAMES G. SPRINGFIELD, ERIC SIX, M.D., ALEJANDRO BETANCOURT, M.D.
AND CHRISTOPHER HANSEN, M.D., MOTION FOR SUMMARY JUDGMENT</u>**

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

A. J. Harper II
State Bar No.  09031000
Federal I.D. No.  5158
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Attorneys in Charge for Defendants

**OF COUNSEL:**
  David G. Oliveira
  ROERIG, OLIVEIRA & FISHER, L.L.P.
  State Bar No.  15254675
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone:  (956) 542-5666
Facsimile:  (956) 542-0016

30879495.1

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................ 1

II.    NATURE AND STAGE OF PROCEEDING ................................................. 2

III.   STATEMENT OF FACTS ............................................................................. 2

IV.   SUMMARY OF ARGUMENT ...................................................................... 4

V.    SUMMARY JUDGMENT STANDARD ....................................................... 6

VI.   ARGUMENT AND AUTHORITIES .............................................................. 7

     A.    Summary Judgment is Proper on Plaintiff's Title VII Claims of National Origin Discrimination ............................................................... 7

           1.    Plaintiff cannot maintain Title VII claims against the individual Defendants. ............................................................... 7

           2.    Plaintiff is not an employee of VBMC ............................................. 7

           3.    Alternatively, Plaintiff relies on incidents that occurred more than 300 days before the filing of his EEOC charge of discrimination. ........... 9

           4.    Summary judgment is proper on Plaintiff's remaining alleged acts of discrimination under Title VII. ...................................... 11

           5.    Plaintiff fails to establish a prima facie case of Title VII national origin discrimination ................................................ 12

           6.    Defendants had a legitimate, nondiscriminatory reason, and Plaintiff cannot establish pretext. ................................................... 14

     B.    Summary Judgment is Proper on Plaintiff's 42 U.S.C. § 1981 Claims of National Origin Discrimination. .......................................... 15

           1.    Plaintiff relies on incidents that occurred outside of 28 U.S.C. § 1658 catch-all four year statute of limitations as applied to § 1981 ........ 15

           2.    Plaintiff cannot maintain § 1981 national origin discrimination claims against the individual Defendants. ........................................... 16

           3.    Plaintiff fails to establish a prima facie case of § 1981 national origin discrimination ................................................................. 17

     C.    Summary Judgment is Proper on Plaintiff's Claim for Intentional Infliction of Emotional Distress against Defendants McKibbens, Springfield, Six, Betancourt, and Hansen. ........................................ 18

     D.    Summary Judgment is Proper on Plaintiff's Claim for Negligence against VBMC. ................................................................................... 19

VII.  CONCLUSION .............................................................................................. 21

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Ackel v. Nat'l Communications, Inc.,* 339 F.3d 376 (5th Cir. 2003)..............................13

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ...................................................6

*Arguello v. Conoco, Inc.,* 330 F.3d 355 (5th Cir. 2003) ............................................5, 17

*Banks v. East Baton Rouge Parish Sch. Bd.,* 320 F.3d 570 (5th Cir. 2003) ..................13

*Bauer v. Albermarle Corp.,* 169 F.3d 962 (5th Cir. 1999) ...................................4, 12, 14

*Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998)................................................13

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ..............................................................6

*Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132 (7th Cir. 1993)........................13

*Diggs v. Harris Hospital-Methodist, Inc.,* 847 F.2d 270 (5th Cir. 1988) .................4, 8, 9

*Faragher v. City of Boca Raton,* 524 U.S. 775(1998) ...................................................13

*Felton v. Polles,* 315 F.3d 470 (5th Cir. 2002) .............................................................13

*Foley v. Univ. of Houston Sys.,* 355 F.3d 333 (5th Cir. 2003)) ...........................4, 7, 16

*Forsyth v. Barr,* 19 F.3d 1527 (5th Cir. 1994)...............................................................6

*Frank v. Xerox Corp.,* 347 F.3d 130 (5th Cir. 2003) .....................................4, 9, 10, 11

*Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir. 1994)........................................4, 5, 7, 16, 17

*Huckabay v. Moore,* 142 F.3d 233 (5th Cir. 1998)...................4, 5, 9, 10,11, 16, 17, 19

*Hunt v. Rapides Health Care Sys., LLC,* 277 F.3d 757 (5th Cir. 2001) .........................13

*Johnson v. Louisiana,* 351 F.3d 616 (5th Cir. 2003) ....................................................12

*Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004) ......................................5, 15

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) ........................................4, 12

*Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574(1986). ........6

*Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743 (5th Cir. 2001) ...........................5, 17

*National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) ...........................................10, 11

*Oden v. Oktibbeha County, Miss.,* 246 F.3d 458 (5th Cir. 2001) .........................................16

*Park v. Howard Univ.,* 71 F.3d 904 (D.C. Cir. 1995)..........................................................9

*Patel v. Midland Memorial Hosp. and Med. Ctr.,* 298 F.3d 333 (5th Cir. 2002)..................14, 16

*Pegram v. Honeywell International,* 361 F.3d 272 (5th Cir. 2004).................................10, 11, 16

*Pijnenburg v. W. Ga. Health Sys.,* 255 F.3d 1304 (11th Cir. 2001). ...................................9

*Pratt v. City of Houston,* 247 F.3d 601 (5th Cir. 2001) ........................................................15, 16

*Price v. Fed. Exp. Corp.,* 283 F.3d 715 (5th Cir. 2002) .....................................................14

*Roberson v. Alltel Info. Servs.,* 373 F.3d 647 (5th Cir. 2004) ..............................................5, 12, 15

*Saint Francis College v. Al-Khazraji,* 481 U.S. 604 (1987).....................................................17, 18

*Washington v. Veneman,* 109 Fed. Appx. 685 (5th Cir. 2004) .................................................14

*Watts v. Kroger Co.,* 170 F.3d 505(5th Cir. 1999) ...........................................................13

*Young v. City of Houston, Tex.,* 906 F.2d 177 (5th Cir. 1990) ...............................................9

### STATE CASES

*Creditwatch, Inc. v. Jackson,* 48 Tex. Sup. J. 425, 2005 Tex. LEXIS 196, at *5 (Tex.
Feb. 25, 2005) (publication status pending)*;* ....................................................................5, 18

*Gonzales v. Willis,* 995 S.W.2d 729 (Tex. App.—San Antonio 1999, no pet.)..................5, 19, 20

*GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605 (Tex. 1999) ...............................................19

*Hoffmann-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438 (Tex. 2004)..............................5, 18, 19

*Perez v. Living Centers-Devcon, Inc.,* 963 S.W.2d 870 (Tex. App.—San Antonio 1998,
pet. denied.). ........................................................................................................19

*Ramirez v. Allright Parking El Paso, Inc.,* 970 F.2d 1372 (5th Cir. 1992) ...................................19

*Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62 (Tex. 1998)................................5, 19

*Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993).............................................................19

## FEDERAL STATUTES

28 U.S.C. § 1658 ...................................................................................................5, 15

42 U.S.C. § 1981 .................................................................................................2, 5, 15

42 U.S.C. § 2000e *et seq* ..........................................................................2, 4, 7, 9, 10

Fed. R. Civ. P. 4(m) ...................................................................................................1

Fed. R. Civ. P. 56 .................................................................................................1, 6

## STATE STATUTES

TEX. CIV. PRAC. & REM. CODE § 16.003(a) .............................................................6, 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MADHAVAN PISHARODI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| VALLEY BAPTIST MEDICAL | § | |
| CENTER; BEN M. MCKIBBENS, M.D.; | § | Civil Action No.  B-04-119 |
| JAMES G. SPRINGFIELD; ERIC SIX, | § | |
| M.D.; ALEJANDRO BETANCOURT, | § | |
| M.D.; AND CHRISTOPHER HANSEN, | § | |
| M.D., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANTS', VALLEY BAPTIST MEDICAL CENTER, BEN M. MCKIBBENS, M.D., JAMES G. SPRINGFIELD, ERIC SIX, M.D., ALEJANDRO BETANCOURT, M.D. AND CHRISTOPHER HANSEN, M.D., MOTION FOR SUMMARY JUDGMENT

Defendants, Valley Baptist Medical Center ("VBMC"), Ben M. McKibbens, M.D. ("McKibbens"),[1] James G. Springfield ("Springfield"), Eric Six, M.D. ("Six"), Alejandro Betancourt, M.D. ("Betancourt"), and Christopher Hansen, M.D. ("Hansen"), file this Motion for Summary Judgment and respectfully move this Court to enter summary judgment in their favor in accordance with Rule 56 of the Federal Rules of Civil Procedure.  As demonstrated below, Defendants are entitled to summary judgment as a matter of law on each of Plaintiff's claims.

## I.
## INTRODUCTION

This is an employment discrimination case brought by Plaintiff Madhavan Pisharodi ("Pisharodi" or "Plaintiff"), against Defendants, VBMC, McKibbens, Springfield, Six,

---

[1] Defendant McKibbens has not been served to date, and the suit against him should be dismissed pursuant to the provisions of Rule 4(m) of the Federal Rules of Civil Procedure.  To the extent the Court disagrees and finds him a properly served party, he joins in this Motion.

Betancourt, and Hansen ("Defendants").   Specifically, Plaintiff alleges that Defendants subjected

him to unlawful employment practices on the basis of his national origin in violation of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42

U.S.C. §1981 ("Section 1981").   In addition to his statutory claims, Plaintiff alleges that

McKibbens, Springfield, Six, Betancourt, and Hansen intentionally inflicted emotional distress

on him.   Furthermore, Plaintiff alleges that VBMC's negligence caused injury to him.   As

demonstrated below, Defendants are entitled to summary judgment on each of Plaintiff's claims.

## II.
## NATURE AND STAGE OF THE PROCEEDING

Plaintiff originally sued Defendants in state court alleging claims of unlawful

discrimination, intentional infliction of emotional distress, and negligence.   Defendants properly

removed the case based on federal question.   This Court issued a scheduling order on October

20, 2004.

## III.
## STATEMENT OF FACTS

Plaintiff is a licensed medical doctor in the State of Texas.   (Deposition of Madhavan

Pisharodi at 6, attached as Exhibit A); (Ward Cook Affidavit ¶ 6, attached as Exhibit B).   He

owns his own medial practice and has his own tax identification number.   (Affidavit ¶ 6).

VBMC does not and never has employed Plaintiff.   (*Id.* at ¶ 7).   Instead, VBMC granted Plaintiff

staff privileges, which allowed him to admit and provide medical treatment to his patients in the

hospital's facilities.   (Pisharodi Depo. at 28); (Affidavit ¶ 7).   However, VBMC does not

supervise or control Plaintiff's medical treatment of his patients, and Plaintiff is not required to

utilize VBMC's facilities.   (Affidavit ¶ 8).   In fact, Plaintiff never stated that he was required to

utilize VBMC's facilities.  (Pisharodi Depo. at 30-35).  Additionally, Plaintiff has staff privileges at multiple other hospitals in the area.  (Pisharodi Depo. at 26-30); (Affidavit ¶ 8).

On November 6, 2001, Plaintiff agreed to participate on VBMC's First Response Team, which provides specialty coverage for certain patients, who are admitted through the Medical Center's Emergency Department.  (Affidavit ¶ ¶ 2, 7).  As a participant on the First Response Team, Plaintiff was deemed an independent contractor.  (*Id.* at ¶ ¶ 3, 7).  In exchange for a fee only for his agreement to participate on the First Response Team, Plaintiff was required to provide coverage when scheduled, respond to a page for assistance within thirty (30) minutes, and be available to provide care at the Medical Center in accordance with the exercise of his medical judgment.  (*Id.* at ¶ 3).  However, VBMC did not pay Plaintiff wages or provide him any fringe benefits.  (*Id.* at ¶ 7).  Furthermore, Plaintiff billed his patients directly for his services without any involvement by VBMC, and Plaintiff independently paid his own malpractice insurance and licensing fees.  (*Id.* at ¶ ¶7, 8).  Plaintiff was not required to make referrals to, or otherwise generate business for, the Medical Center as a condition of being a participant on the First Response Team.  (*Id.* at ¶ 8).

Pursuant to state and federal laws and as a part of VBMC's medical staff bylaws, VBMC established a peer review committee comprised of other medial doctors with staff privileges.  (*Id.* at ¶ 9).  The committee from time to time examines the particular medical care and treatment given to a patient admitted to VBMC; however, this action does not make any of the medical staff an employee of VBMC.  (*Id.*).  As a participant on the First Response Team, Plaintiff was required to participate in any performance or quality improvement activities in the Emergency Department when requested.  (*Id,* at ¶ 4).  Finally, Plaintiff was required to arrange for another

appropriate member of the First Response Team to substitute for him if he was unable to provide coverage when scheduled. (*Id.* at ¶ 3).

Defendant McKibbens was the Chief Executive Officer of VBMC until he retired in January 2003. (*Id.* at ¶ 10). Defendant Springfield currently is the Chief Executive Officer of VBMC, and prior to January 2003, he was the Executive Vice President and Chief Operating Officer of VBMC. (*Id.*). Defendant Six is a neurosurgeon on Staff at VBMC as well as the Medical Director. (*Id.*). Defendant Betancourt is a neurosurgeon on Staff at VBMC. (*Id.*). Lastly, Defendant Hansen was a general surgeon on Staff at VBMC prior to January 2003, but he has subsequently retired from practice. (*Id.*). Currently, Defendant Hansen is the Vice President and Chief Medical Officer at VBMC. (*Id.*).

## IV.
## SUMMARY OF ARGUMENT

Plaintiff cannot maintain Title VII claims against the individual Defendants because an individual cannot be liable under Title VII unless he meets the definition of an employer. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003); *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir. 1994). Moreover, Plaintiff, an independent contractor of VBMC, cannot maintain his Title VII claims against VBMC because no employment relationship existed between Plaintiff and VBMC. *Diggs v. Harris Hospital-Methodist, Inc.,* 847 F.2d 270, 272 (5th Cir. 1988). Furthermore, Plaintiff incorrectly relies on incidents that occurred more than 300 days before the filing of his Equal Employment Opportunity Commission ("EEOC") charge of discrimination to support his claim of national origin discrimination. 42 U.S.C. § 2000e-5(e)(1); *Frank v. Xerox Corp.,* 347 F.3d 130, 136 (5th Cir. 2003); *Huckabay v. Moore,* 142 F.3d 233, 238 (5th Cir. 1998). In addition, Plaintiff cannot establish a prima facie case of national origin discrimination. *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (citing *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Finally, VBMC has articulated a legitimate, nondiscriminatory reason for its actions, and Plaintiff has failed to present any evidence that VBMC's explanations were a pretext for discrimination.  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

Defendants are also entitled to summary judgment on Plaintiff's § 1981 claims of national origin discrimination.  Once again, Plaintiff improperly relies on incidents that occurred outside of the applicable 28 U.S.C. § 1658 catch-all four year statute of limitations, as applied to 42 U.S.C. § 1981.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).  Additionally, the individual Defendants, acting in their official capacity, cannot be individually liable under § 1981.  *Huckabay, 1*42 F.3d at 241; *Grant,* 21 F.3d at 652.  Similar to Plaintiff's Title VII claims, Plaintiff cannot establish a *prima facie* case of national origin discrimination under § 1981.  *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)).

Likewise, Plaintiff's intentional infliction of emotional distress claim fails because such a claim must be independent from his statutory claim in order to recover emotional damages under the intentional infliction of emotional distress claim.  *See Creditwatch, Inc. v. Jackson,* 48 Tex. Sup. J. 425, 2005 Tex. LEXIS 196, at *4-5 (Tex. Feb. 25, 2005) (publication status pending)*; see also Hoffmann-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 450 (Tex. 2004). Furthermore, Plaintiff cannot establish that Defendants' conduct was extreme and outrageous and/or that he suffered severe emotional distress.  *Hoffmann-La Roche,* 144 S.W.3d at 445 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62, 65 (Tex. 1998)).

Finally, Plaintiff's negligence claim fails because his alleged injury is not a cognizable injury under the common law.  *Gonzales v. Willis,* 995 S.W.2d 729, 738-39 (Tex. App.—San

Antonio 1999, no pet.).  Moreover, Plaintiff's negligence claim is barred by the two year statute of limitations for negligence.  TEX. CIV. PRAC. & REM. CODE § 16.003(a).  As such, Defendants respectfully request that this Court grant summary judgment on each of Plaintiff's claims.

## V.
## SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, Defendants must show from the evidence of record that there is no "genuine issue as to any material fact."  FED. R. CIV. P. 56(c).  An alleged factual dispute will not defeat the motion unless it is genuine and material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  After the Defendants meet their burden of showing the absence of a genuine factual dispute, the burden shifts to Plaintiff to set forth affirmative evidence and "specific facts showing that there is a genuine issue for trial."  *Id.* at 256.

To survive summary judgment, Plaintiff must present more than a scintilla of evidence or evidence that creates more than a metaphysical doubt.  *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  In fact, Plaintiff must produce evidence upon which a jury could reasonably base a verdict in his favor.  *Anderson*, 477 U.S. at 249.  Unsubstantiated opinions and speculation do not suffice.  *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  Since Plaintiff is unable to meet his burden, this Court should grant summary judgment for Defendants.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case").

# VI.
## ARGUMENT AND AUTHORITIES

**A.    Summary Judgment is Proper on Plaintiff's Title VII Claims of National Origin Discrimination.**

Defendants are entitled to summary judgment for several reasons.  First, Plaintiff cannot maintain his Title VII claims of national origin discrimination against the individual Defendants.  Second, Plaintiff cannot maintain his Title VII claims of national origin discrimination against VBMC because Plaintiff is not an employee of VBMC.    Alternatively, Plaintiff relies on incidents that occurred more than 300 days before the filing of his EEOC charge of discrimination to support his Title VII claims, and the continuing violation doctrine does not save his time barred Title VII claims.    Finally, Plaintiff cannot establish a *prima facie* case of national origin discrimination, and he cannot establish that Defendant's legitimate, nondiscriminatory reasons for its employment actions are a pretext for discrimination.    As a result, Defendants respectfully request that this Court grant summary judgment.

**1.    *Plaintiff cannot maintain Title VII claims against the individual Defendants.***

To the extent Plaintiff asserts claims of national origin discrimination in violation of Title VII against the individual Defendants, McKibbens, Springfield, Six, Betancourt and Hansen, Plaintiff cannot maintain these claims because "relief under Title VII is available only against an employer, [and] not an individual supervisor or fellow employee."  *Foley,* 355 F.3d at 340; 42 U.S.C. § 2000e(b)(definition of "employer"); *Grant,* 21 F.3d at 651-53 (individual not liable under Title VII unless he meets definition of "employer").

**2.    *Plaintiff is not an employee of VBMC.***

Plaintiff cannot maintain his Title VII claims of national origin discrimination against VBMC because VBMC does not and never has employed Plaintiff.  (Ward Cook Affidavit ¶ 7).

Instead, Plaintiff is an independent contractor. (*Id.* at ¶¶ 3, 7). Title VII does not create liability for independent contractors. *Diggs*, 847 F.2d at 272. Rather, an employee-employer relationship must exist for a plaintiff to assert a Title VII claim. *Id.*

For example, in *Diggs*, the plaintiff, a Black, female physician, brought a Title VII action against a private, non-profit hospital, which had terminated her staff privileges. *Id.* at 271. In addressing the question of whether Diggs was an employee or an independent contractor, the Court utilized the economic realities/common law control test. *Id.* at 272. Specifically, the Court focused on the control factor and found that "while the hospital [supplied] the tools, staff and equipment utilized by Diggs in delivering medical care at the hospital, and while it [imposed] standards upon those permitted to hold staff privileges, the hospital [did] not direct the manner or means by which Diggs [rendered] medical care." *Id.* at 273. In addition, the Court found that the hospital did not provide Diggs a salary or wages, and the hospital did not pay Diggs' licensing fees, professional dues, insurances, taxes, or retirement benefits. *Id.* Finally, the Court determined that Diggs had staff privileges at several other local area hospitals during the time she had staff privileges at Harris Hospital. *Id.* As a result, the Court held that Diggs was an independent contractor and not an employee of Harris Hospital. *Id.* at 272. Thus, she could not maintain her Title VII claim. *Id.*

Like Diggs, Plaintiff cannot maintain his Title VII claims. Plaintiff applied for medical staff privileges at VBMC, which allowed him to admit and provide medical treatment to his patients at the VBMC facilities. (Affidavit ¶ 7). However, Plaintiff has his own medical practice and tax identification number. (*Id.* at ¶ 6). As a result, Plaintiff bills his patients directly for services without any involvement by VMBC. (*Id.* at ¶ 8). In addition, VBMC deemed Plaintiff as an independent contractor pursuant to his agreement to participate on VBMC's First Response

Team. (*Id.* at ¶¶ 3, 7). Similar to the facts in *Diggs,* VBMC does not pay Plaintiff any wages or provide him any fringe benefits. (*Id,* at ¶ 7). Plaintiff also independently pays for his malpractice insurance and licensing fees. (*Id.*). Although Plaintiff has staff privileges at VBMC, he also has staff privileges at other hospitals in the area. (*Id.* at ¶ 8). Most importantly, VBMC does not supervise or control Plaintiff's medical treatment of his patients, and Plaintiff is not required to utilize VBMC for the medical treatment of his patients. (*Id.*). Based on these facts, Plaintiff is an independent contractor and not an employee of VBMC as a matter of law. *See Diggs,* 847 F.2d at 272. Since Plaintiff cannot establish the employee-employer relationship, he cannot maintain a Title VII claim. Consequently, summary judgment for Defendants is proper as a matter of law. *See id.*

### 3. *Alternatively, Plaintiff relies on incidents that occurred more than 300 days before the filing of his EEOC charge of discrimination.*

Assuming that the Court finds a fact issue exists as to the employment relationship between Plaintiff and VBMC, summary judgment in part is still proper because Plaintiff failed to timely file a charge of discrimination with the EEOC. His charge was filed on December 4, 2003. [2] It is well-established that filing a charge with the EEOC is a condition precedent to a Title VII suit. *Young v. City of Houston, Tex.,* 906 F.2d 177, 179 (5th Cir. 1990). In Texas, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged. 42 U.S.C. § 2000e-5(e)(1); *Frank,* 347 F.d at 136; *Huckabay,* 142 F.3d at 238. As a result, any conduct occurring prior to these 300 days will not support a

---

[2]   Although Plaintiff completed an intake questionnaire with the Texas Commission on Human Rights ("TCHR") on August 5, 2003, such an intake questionnaire does not constitute a valid charge under Title VII for purposes of the statute of limitations. *Pijnenburg v. W. Ga. Health Sys.,* 255 F.3d 1304, 1306 (11th Cir. 2001). To randomly treat a questionnaire as a charge would thwart the two objectives of an EEOC charge, which are (1) notification to the employer that a discrimination charge has been lodged with the EEOC and (2) initiation of the agency's investigation of the complaint. *Id.; see also Park v. Howard Univ.,* 71 F.3d 904, 908-909 (D.C. Cir. 1995) (holding that an unsworn "Private Sector Employment Pre-Complaint Questionnaire" is not the same as an EEOC charge).

plaintiff's Title VII claim.  42 U.S.C. § 2000e-5(e)(1); *Frank,* 347 F.d at 136; *Huckabay,* 142 F.3d at 238.

Plaintiff alleges acts of discrimination beginning in 1996 and ending in 2003.  (Plaintiff's Complaint, ¶ ¶15-41).  Because Plaintiff did not file a charge of discrimination with the EEOC until December 4, 2003, any alleged incident that occurred before February 8, 2003, which is 300 days before December 4, 2003, is barred by Title VII's statute of limitations.  *See* 42 U.S.C. § 2000e-5(e)(1); *see also Huckabay,* 142 F.3d at 238.

The continuing violation theory does not enable Plaintiff to prevail on these claims.  The continuing violation doctrine "extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts."  *Pegram v. Honeywell International,* 361 F.3d 272, 279 (5th Cir. 2004); *see Frank,* 347 F.3d at 136; *see also Huckabay,* 142 F.3d at 238-239.   In fact, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).  Instead, "each discriminatory act starts a new clock for filing charges alleging that act."  *Id.* Thus, "a one-time employment event," such as a dismissal, a demotion, or the failure to hire, promote, or train, is a discrete action that "constitutes a separate actionable unlawful practice." *Pegram,* 361 F.3d at 280 (citing *Morgan,* 536 U.S. at 114).  Furthermore, a plaintiff is expected to act as soon as the facts of discrimination are or should be apparent to a reasonably prudent, similarly situated person.  *Frank,* 347 F.3d at 136; *see also Huckabay,* 142 F.3d at 239.  Thus, the continuing violation doctrine cannot create liability for an employer when a plaintiff alleges discrete discriminatory acts, which are time barred.

In this case, Plaintiff alleges acts of discrimination beginning in 1996 and ending in 2003. (Plaintiff's Complaint, ¶ ¶15-41).   However, Title VII bars his claims that occurred before February 8, 2003.   Even if Plaintiff's time barred allegations relate to acts alleged in his filed charge, the acts are discrete discriminatory acts, such as one-time employment events, which cannot create liability under the continuing violation doctrine.   For example, Plaintiff claims that Defendants prevented him from obtaining privileges at VBMC in December 1996; Defendants denied him privileges in October 1999; Defendants granted him only provisional privileges in November 1999; Defendants refused to renew his provisional privileges in May 2000; Defendants denied him inclusion on the Emergency Room call schedule in June 2000; and Defendants removed him from VBMC's First Response Team in violation of his valid contract in June 2002.   (Plaintiff's Complaint, ¶ ¶16, 20, 21, 22, 26, 28).   These allegations are one-time employment events, such as a dismissal, a demotion, or the failure to hire, promote, or train.   *See Pegram,* 361 F.3d at 280 (citing *Morgan,* 536 U.S. at 114).   Moreover, assuming for purposes of this motion only that each of these allegations occurred, each allegation should have triggered Plaintiff's awareness of and duty to assert his rights.   *See Frank,* 347 F.3d at 136; *see also Huckabay,* 142 F.3d at 239.   Accordingly, the alleged acts of discrimination that occurred between 1996 and February 8, 2003 constitute discrete acts, which were separately actionable, and may not be pursued outside the relevant limitations period, even if they relate to acts alleged in timely filed charges.   *Morgan,* 536 U.S. at 113; *Pegram,* 361 F.3d at 280.   Defendants' Summary Judgment Motion should be granted as to these time barred Title VII claims.

> **4.    *Summary judgment is proper on Plaintiff's remaining alleged acts of discrimination under Title VII.***

The following alleged acts of discrimination remain at issue after the Title VII statue of limitations period is imposed:

    i.       "Defendants refused to allow Plaintiff a convenient Emergency Room schedule so that Plaintiff could host a professional conference regarding treatment of back pain." (Plaintiff's Complaint, ¶ 42).

    ii.     "Defendants have subjected Plaintiff to numerous unnecessary and unfounded case reviews." (Plaintiff's Complaint, ¶ 43)

As previously established, Plaintiff cannot maintain a Title VII claim against VBMC because no employee-employer relationship existed between Plaintiff and VBMC. (*see supra* Part VI (A)(2)). However, even if an employee-employer relationship did exist between Plaintiff and VBMC, Plaintiff's national origin claims under Title VII must still fail.

In considering discrimination claims, "the Title VII inquiry is 'whether the defendant intentionally discriminated against the plaintiff.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004) (quoting *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003)). To establish an inference of discrimination, Plaintiff bears the burden of establishing: (1) the plaintiff is a member of a protected class; (2) the plaintiff is qualified for the position; (3) the plaintiff suffered an adverse employment action; and (4) the plaintiff was replaced with a person who is not a member of the protected class. *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (citing *McDonnell Douglas*, 411 U.S. at 802). If a plaintiff demonstrates a *prima facie* case of discrimination, the defendant must offer a legitimate, nondiscriminatory reason for the employment action. *Roberson*, 373 F.3d at 651. Once the defendant meets this burden, the burden falls to the plaintiff to establish that the defendant's legitimate, nondiscriminatory reason is actually a pretext for discrimination. *Id.*

### 5.    *Plaintiff fails to establish a prima facie case of Title VII national origin discrimination.*

Plaintiff cannot establish his *prima facie* case because he cannot establish that he suffered an adverse employment action. An adverse employment action consists of "ultimate employment decisions, such as hiring, granting leave, discharging, promoting, and

compensating." *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002) (internal citations omitted). Phrased differently, an ultimate employment decision must be "[a] tangible employment action constituting a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 790 (1998). In most cases, tangible employment actions inflict direct economic harm. *Burlington Indus., Inc.,* 524 U.S. at 762. Therefore, an employment action that does not affect employment status, compensation or benefits is not an adverse employment action. *Id.,* at 761-762; *see also Faragher,* 524 U.S. at 790; *see also Banks v. East Baton Rouge Parish Sch. Bd.,* 320 F.3d 570, 575 (5th Cir. 2003) (quoting *Hunt v. Rapides Health Care Sys., LLC,* 277 F.3d 757, 769 (5th Cir. 2001)).

In the current matter, Plaintiff alleges that VBMC refused to provide him a convenient Emergency Room schedule and subjected him to case reviews. (Plaintiff's Complaint, ¶¶ 42, 43). Plaintiff offered no evidence to demonstrate that these actions affected his employment status, compensation, or benefits. *See Banks,* 320 F.3d at 577. As such, Plaintiff cannot establish that he suffered an adverse employment action. *See id.; see also Ackel v. Nat'l Communications, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003) (holding clarifying job duties and making reprimands were not adverse employment actions); *see also Watts v. Kroger Co.,* 170 F.3d 505, 511-12 (5th Cir. 1999) (change of work schedule and being asked to perform different tasks not adverse employment action*); see also Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 136 (7th Cir. 1993) (no adverse action where job transfer merely caused personal inconvenience or altered job responsibilities). Without establishing the adverse employment action element, Plaintiff cannot establish a *prima facie* case of national origin discrimination

under Title VII. *See Bauer,* 169 F.3d at 966.    Accordingly, Plaintiff cannot prevail, and summary judgment for Defendants is proper as a matter of law.

> **6.    *Defendants had a legitimate, nondiscriminatory reason, and Plaintiff cannot establish pretext.***

Even if Plaintiff could establish an adverse employment action, Plaintiff's claims still fail because VBMC has offered a legitimate, nondiscriminatory reason for its actions.    Specifically, VBMC asserts that it was not responsible for arranging a convenient Emergency Room schedule for any of the surgeons, including Plaintiff.    (Ward Cook Affidavit at ¶ 3).    Rather, VBMC's established policy required each surgeon to arrange for another appropriate member of the First Response Team to substitute for him or her if the surgeon is unable to provide coverage when scheduled.    (*Id.*).    Thus, VBMC simply followed its established policy and procedure, which serves as a legitimate, nondiscriminatory reason for its actions.    *See Washington v. Veneman,* 109 Fed. Appx. 685, 690 (5th Cir. 2004) (finding that the defendant had a legitimate, nondiscriminatory reason for its decision to deny the plaintiff's leave request because denial of leave comported with the defendant's established internal procedure).    Further, pursuant to state and federal laws and VBMC's medical staff bylaws, VBMC conducts peer reviews of the medical care and treatment offered by medical doctors with staff privileges at VBMC.    (Ward Cook Affidavit at ¶ 9).    As such, conducting peer reviews, pursuant to a policy required by state and federal laws, serves as a legitimate, nondiscriminatory reason for its actions.

Plaintiff fails to offer any evidence or to create a question of fact for the jury that his national origin motivated VBMC's decision not to conveniently arrange Plaintiff's Emergency Room schedule or to conduct the peer reviews.    *See Patel v. Midland Memorial Hosp. and Med. Ctr.,* 298 F.3d 333, 342 (5th Cir. 2002); *see also Price v. Fed. Exp. Corp.,* 283 F.3d 715, 723-724 (5th Cir. 2002)(requiring evidence of pretext supporting "an inference that intentional

discrimination was the real reason for the employment decision"). In other words, Plaintiff cannot establish that VBMC discriminated against him on the basis of his national origin. *See Pratt v. City of Houston,* 247 F.3d 601,606 (5th Cir. 2001). Therefore, Plaintiff fails to show that VBMC's legitimate, nondiscriminatory reasons for the employment actions were a pretext for discrimination. *Roberson*, 373 F.3d at 651. Consequently, summary judgment in favor of VBMC is proper.

**B.    Summary Judgment is Proper on Plaintiff's 42 U.S.C. § 1981 Claims of National Origin Discrimination.**

Defendants are also entitled to summary judgment on Plaintiff's § 1981 claims for numerous reasons. First, Plaintiff relies on incidents that occurred outside of 28 U.S.C. § 1658 catch-all four year statute of limitation, as applied to § 1981. Once again, the continuing violation doctrine cannot apply to Plaintiff's time barred § 1981 national origin discrimination claims. Third, Plaintiff cannot maintain his remaining § 1981 claims against the individual defendants. Finally, Plaintiff fails to establish a *prima facie* case of § 1981 national origin discrimination. Therefore, Defendants respectfully request that this Court grant summary judgment.

### 1.    *Plaintiff relies on incidents that occurred outside of 28 U.S.C. § 1658 catch-all four year statute of limitations as applied to § 1981.*

Plaintiff filed his lawsuit on June 2, 2004. (Plaintiff's Complaint). As a result of 28 U.S.C. § 1658 catch-all four year statute of limitations, which applies to some of Plaintiff's alleged acts supporting his national origin claims of discrimination, Plaintiff's § 1981 statute of limitations period ends June 2, 2000. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004). Therefore, § 1658 bars any alleged act that occurred before June 2, 2000.

Title VII principles inform the court's treatment of § 1981 claims. *Pegram*, 361 F.3d at 282; *Patel*, 298 F.3d at 342 ("The summary-judgment test for discrimination claims under § 1981 and § 1983 is the same as the test for discrimination claims under Title VII"); *see also Pratt*, 247 F.3d at 605 n.1. Since courts treat § 1981 claims and Title VII claims similarly, Plaintiff's § 1981 claims also fail under the continuing violation doctrine because Plaintiff relies on the same alleged acts to support both his Title VII and § 1981 claims. (*see supra* Part VI(A)(3)). Consequently, summary judgment on these clearly time barred § 1981 claims is proper as a matter of law.

**2.    *Plaintiff cannot maintain § 1981 national origin discrimination claims against the individual Defendants.***

Plaintiff also cannot prevail on his § 1981 claims because the Fifth Circuit has held that "§ 1981 liability does not necessarily run to all individual defendants." *Foley*, 355 F.3d at 337. In addressing the liability of local government officials, the Fifth Circuit determined that when a plaintiff asserts a cause of action under § 1981 for discrimination in the terms and conditions of a municipal employment contract, the proper defendant is the government employer in his official capacity. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 464 (5th Cir. 2001). The official capacity language can also be found in Title VII cases. For instance, in *Huckabay*, the Fifth Circuit concluded that an individual was not an employer for purposes of Title VII when acting in his official capacity. *See Huckabay*, 142 F.3d at 241; *see also Grant*, 21 F.3d at 652 ("Only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII"). Once again, courts treat Title VII and § 1981 claims similarly. *See Pegram*, 361 F.3d at 282. As a result, Title VII's treatment of an individual's liability when acting in an official capacity can be applied to the current matter.

Defendants McKibbens, Springfield, and Hansen are or were officers with administrative responsibilities at VBMC.  Defendants Six, Betancourt, and Hansen are or were on staff as surgeons at VBMC.  Furthermore, Plaintiff's claims against Defendants McKibbens, Springfield, Six, Betancourt, and Hansen involve Plaintiff's First Response Team contract with Defendant VBMC.  (Plaintiff's Complaint, ¶ 47).  As such, their alleged discriminatory actions occurred while they were acting in their official capacity as VBMC's agents.  Since an individual acting in his official capacity cannot be held individually liable under Title VII, Defendants McKibbens, Springfield, Six, Betancourt, and Hansen should not be held individually liable in this case.  *See Huckabay,* 142 F.3d at 241; *see also Grant,* 21 F.3d at 652.  Therefore, summary judgment in favor of Defendants is appropriate as a matter of law.

### 3. *Plaintiff fails to establish a prima facie case of § 1981 national origin discrimination.*

Even if this Court determines that the individual defendants as well as VBMC are subject to potential liability under § 1981, Plaintiff cannot prove his § 1981 claims of national origin discrimination.  To succeed on a § 1981 claim, plaintiff must establish:  (1) he is a member of a racial minority; (2) the Defendants had intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.  *Arguello,* 330 F.3d at 358 (5th Cir. 2003) (citing *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 751 (5th Cir. 2001)).

However, § 1981 does not recognize a national origin discrimination claim per se.  In fact, the Supreme Court holds that § 1981 protects against race discrimination, rather than discrimination based "solely on the place or nation of . . . origin."  *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987).  In this case, Plaintiff alleges a § 1981 claim for national origin discrimination solely.  Furthermore, Plaintiff supports his national origin discrimination

claim by relying on his close ties to his native country. Specifically, Plaintiff asserts that he is "a person of Indian ethnicity, who still maintains close ties with his native country." (Plaintiff's Complaint, ¶ 13). As such, Plaintiff cannot establish that he qualifies for protection under § 1981. *See Saint Francis College*, 481 U.S. at 613.

**C.    Summary Judgment is Proper on Plaintiff's Claim for Intentional Infliction of Emotional Distress against Defendants McKibbens, Springfield, Six, Betancourt, and Hansen.**

Plaintiff cannot prevail on his intentional infliction of emotional distress claim because Plaintiff's intentional infliction of emotional distress claim is not independent from Plaintiff's statutory claims. Under Texas law, a plaintiff must assert additional facts, unrelated to the plaintiff's statutory claim, to maintain an independent tort claim for intentional infliction of emotional distress. *See Creditwatch, Inc. v. Jackson,* 48 Tex. Sup. J. 425, 2005 Tex. LEXIS 196, at *4-5 (Tex. Feb. 25, 2005) (publication status pending) ("Intentional infliction of emotional distress is a 'gap-filer' tort never intended to supplant or duplicate existing statutory or common-law remedies"); *see also Hoffmann-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 450 (Tex. 2004). (concluding that "when the gravemen of the plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress"). Plaintiff failed to allege any additional facts, unrelated to his Title VII and § 1981 claims of national origin discrimination. In fact, Plaintiff simply relies on the same allegations to support all of his claims. Therefore, Plaintiff cannot maintain an

independent tort claim for intentional infliction of emotional distress, and as a result, summary judgment is proper for Defendants as a matter of law. *See id.*[3]

## D.    Summary Judgment is Proper on Plaintiff's Claim for Negligence against VBMC.

Plaintiff's negligence claim also fails because he bases it on the same facts that allegedly support his national origin discrimination claims under Title VII and § 1981. However, under Texas law, a plaintiff cannot first sue a defendant-employer for a non-TCHRA cause of action for conduct arising from the same facts as employment discrimination and then pursue a claim of employment discrimination through the administrative review system established under the TCHRA. *Gonzales v. Willis*, 995 S.W.2d 729, 738 (Tex. App.—San Antonio 1999, no pet.) (quoting *Perez v. Living Centers-Devcon, Inc.*, 963 S.W.2d 870, 874 (Tex. App.—San Antonio 1998, pet. denied.). As such, Plaintiff cannot maintain his negligence claim because it arises from the same facts as his Title VII and § 1981 employment discrimination claims. *See Gonzales*, 995 S.W.2d at 738. Simply put, Plaintiff is attempting to have two bites at the apple, which is not permissible. *See id.*

---

[3] Even if Plaintiff alleged conduct that formed an independent basis for his intentional infliction of emotional distress claim, Plaintiff must establish that: (1) Defendants acted intentionally or recklessly; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' actions caused Plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffmann-La Roche, Inc.*, 144 S.W.3d at 445 (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)). Plaintiff must establish that Defendants conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Furthermore, an intentional infliction of emotional distress claim in the workplace requires an employee to prove the existence of some conduct that brings the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct. *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 613 (Tex. 1999) (citing *Ramirez v. Allright Parking El Paso, Inc.*, 970 F.2d 1372, 1376 (5th Cir. 1992) (requiring employee to show conduct "elevating [the employer's] actions above those involved in an 'ordinary employment dispute''). Finally, severe distress must rise to the level, "which no reasonable person could be expected to endure . . . and must be more than mere worry, anxiety, vexation, embarrassment, or anger." *Huckabay*, 142 F.3d at 242 (internal citations omitted). Plaintiff has failed to establish that Defendants' conduct was so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Twyman*, 855 S.W.2d at 621. Moreover, Plaintiff has failed to establish that Defendant's alleged conduct brings the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct. *See GTE Southwest, Inc.*, 998 S.W.2d at 612. Additionally, Plaintiff has offered no evidence that his distress was sufficiently severe so that no reasonable person could be expected to endure it. *See Huckabay*, 142 F.3d at 242. Accordingly, Plaintiff's claim for intentional infliction of emotional distress must fail as a matter of law.

Furthermore, Plaintiff cannot maintain his negligence claim against VBMC because Defendants did not commit an actionable tort against Plaintiff. As a result, Plaintiff has not been injured in the eyes of the law. *See id.* ("The fundamental tort principle [states] that a person is not liable for negligence, no matter how egregious unless the negligence causes a legally compensable injury.")

In *Gonzales*, Willis, the plaintiff, alleged intentional infliction of emotional distress and negligence against Gonzales and Gonzales' employer, Tom Benson Chevrolet Company, Inc. ("Benson"), based solely upon her underlying claim that Gonzales sexually harassed her. *Id.* The court determined that Willis did not suffer severe emotional distress. *Id.* Consequently, the court determined that Willis failed to established that Gonzales committed an actionable tort. *Id.* In making this determination, the court stated that Willis could not offer sexual harassment as the basis for her negligence claim because "sexual harassment has never been a common law tort . . . it is a statutory creation." *Id.* In other words, "a negligent supervision claim cannot be based solely upon an underlying claim of sexual harassment per se, because the effect would be to impose liability on employers for failing to prevent a harm that is not a cognizable injury under the common law." *Id.* at 739-740. Therefore, Willis did not prevail on her negligence claim against Benson.

The same is true in this case. Plaintiff's intentional infliction of emotional distress claim against the individual Defendants and his negligence claim against VBMC are based on his Title VII and § 1981 discrimination claims. Title VII and § 1981 national origin discrimination claims are statutory claims, just like sexual harassment. *See id.* at 739. As such, Plaintiff cannot establish that the individual Defendants committed an actionable tort. *See id.* If the individual Defendants did not commit an actionable tort, Plaintiff cannot establish that he has been injured

in the eyes of the law, which is required to prove that VBMC was negligent.  Therefore, Plaintiff cannot prevail on his negligence claim against VBMC.[4]

## VII.
## CONCLUSION

In sum, Plaintiff is unable to recover for any of his claims.  Accordingly, for the reasons stated above, Defendants VBMC, McKibbens, Springfield, Six, Betancourt, and Hansen respectfully request that this Court grant their Motion for Summary Judgment and enter a take-nothing judgment on Plaintiff's claims.  Defendants further request that they recover the costs of suit and reasonable attorneys' fees as authorized by statute and all other relief to which they are entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

A. J. Harper II
State Bar No.  09031000
Federal I.D. No.  5158
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Attorneys in Charge for Defendants

**OF COUNSEL:**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
State Bar No.  15254675
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone:  (956) 542-5666
Facsimile:  (956) 542-0016

---

[4] Moreover, most of the asserted factual predicates for Plaintiff's negligence claim are barred by the two year statute of limitations period for negligence.  TEX. CIV. PRAC. & REM. CODE § 16.003(a).

## <u>CERTIFICATE OF SERVICE</u>

This pleading, Motion for Summary Judgment, was served in compliance with Rule 5 of the Federal Rules of Civil Procedure *via Certified Mail, Return Receipt Requested* on April 18, 2005.

> Mr. Ed Stapleton
> Attorney at Law
> 306 North Highway 377
> Argyle, Texas  76226

A.J. Harper II